WILHELMINA SCOTT AND ANOTHER v. WILLIAM JANKE.[1]

March 27, 1925.

No. 24,552.

**Evidence objected to inadmissible under issues and proofs.**

Under the issues and proofs, it was error to receive evidence, under objection and execption, as to laying tile upon plaintiff's farm, the only issue being an outlet for the drainage of the farm.

*Headnote. See Fraud, 27 C. J. p. 39, § 161.

Action in the district court for Steele county for $4,101.14. The case was tried before Senn, J., and a jury which returned a verdict in favor of plaintiffs. From an order denying his motion for a new trial, defendant appealed. Reversed.

*A. B. Childress,* for appellant.

*Moonan & Moonan,* for respondent.

[1]Reported in 202 N. W. 826.

QUINN, J.

Action to recover for fraud and deceit, charged to have been practiced by the defendant against plaintiff, in the sale of a farm of 120 acres, located in Steele county. Plaintiff had a verdict in the sum of $2,123.42. From an order denying his motion for a new trial, defendant appealed.

In August, 1918, appellant owned and resided upon the farm referred to. He was desirous of disposing of the same and asked $75 per acre therefor. Respondent was a resident of the state of Iowa and was in the market for the purchase of a farm of about that size. Negotiations sprang up between them for the sale and purchase of the farm. The respondent drove out to view the premises. He alleges, in his complaint and upon the trial introduced testimony tending to show, that appellant stated and represented to him, while viewing the farm, that it was clear from liens and encumbrances; that he would pay the 1918 taxes; that there was suitable outlet to the north for tile drainage of the entire farm; that he had it surveyed and that there was a fall for the drainage of all wet land of ten feet, and that he would guarantee the outlet sufficient to tile drain all of the low wet places.

While the record and assignments of error are not as clear and specific as might be desired, yet we gather therefrom that it is claimed on behalf of the respondent that, in selling the farm to him, appellant stated and represented that there was a sufficient fall to the north, from the surface of the ground in the pockets and low places on the southerly part of the farm to the surface of the ground in the swale where it crosses the north line, to furnish a tile drainage outlet for the entire farm; that he had it surveyed and there was a fall of ten feet between those points and that he would guarantee the outlet sufficient to drain all of the wet land. He further claims that, in purchasing the farm, he relied upon those statements and that certain of the pockets and wet places could not be drained through the ravine, as claimed by appellant, but the waters therefrom must be taken through a different course and in another direction, and that there is not sufficient outlet for the tiling of such farm as represented by appellant. Appellant denies having made any such statement or representations.

There is a judicial ditch about half a mile north of the north line of respondent's east forty, which crosses the northeast corner of the northwest quarter of the southeast quarter of section 15, which must furnish an outlet for tile drainage of the farm in question, if it is to have one. The farm buildings are near the southwest corner of the east 40. There is a ravine, just north of the house, which extends across the north line of the 40 toward the judicial ditch. There is a watershed between this ravine and the west 40 of the farm. Upon and along the entire west line of the farm is an open ditch which crosses the section line onto section 15 and then wends its way, in a northeasterly direction, to the judicial ditch. This open ditch is not of sufficient depth to furnish an outlet for tile drainage.

Respondent called Mr. Cox, a civil engineer, as a witness. He testified that he had made a survey of the farm, for the purpose of ascertaining whether there was an outlet for tile drainage; that there was but one way that the entire farm could be tile-drained and that would be to lay a tile from the judicial ditch, in a southwesterly direction, along the open ditch to the north line of respondent's land, thence southeast across his 40, giving a suitable outlet for the wet places on the westerly part of the farm; or the open ditch might be deepened four or four and a half feet in place of laying tile along it, which would afford a mere outlet; then, at the east end of the farm, a tile could be laid in the ravine down to the judicial ditch, or an open ditch could be constructed to drain the east 40 of the farm.

The witness was not interrogated as to the cost of necessary open outlets, but, under objection and exception, testified as to the cost of a suitable outlet at the current price of tile, to be $2,866. He testified that, in his opinion, a suitable outlet for the westerly part of the farm could be had by laying a line of tile from the judicial ditch southwest to the north line of respondent's farm, thence southeast across his 40, giving him an outlet for that part of the farm. This testimony could only confuse and mislead the jury. The testimony, if believed by the jury, must have tended to lead them to the conclusion that the tile, extending from the

north line southeasterly across respondent's 40, constituted a part of the outlet for the drainage of the farm while, in fact, it would constitute an integral part of the farm drainage. For this reason, a new trial should be had.

If the jury considered such testimony in arriving at the amount of their verdict, as they were very likely to do, it must have materially prejudiced the rights of appellant.

Reversed.